■  In the Matter of BROADUR REALTY CORPORATION, Petitioner, against STATE TAX COMMISSION, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which held petitioner, a real estate corporation, subject upon dissolution to an additional assessment of franchise tax "based upon the sum of any dividends distributed and not heretofore used as a basis of any additional franchise tax as herein provided, and upon the sum of the corporation's actual net worth in excess of its actual paid-in capital". (Tax Law, § 182, subd. 2.) Respondent fixed the value of the corporation's interest in certain realty at a figure substantially higher than its book value, resulting in an increase in net worth and the additional tax complained of. In issue upon this appeal is the method of evaluation adopted by respondent. Petitioner owned an undivided one-half interest in the realty in question. The remaining one-half interest was owned by two individuals. The entire fee was purchased by a corporation by concurrent conveyances of the two one-half interests for a total of $6,000,000, constituted by the purchaser's assumption of an existing mortgage of $4,012,444.92; new second and third mortgages of $369,000 and $184,500, respectively; and cash of $1,434,055.08. In part payment of their share of the sale price, the individual owners accepted the second and third mortgages and the cash payment was apportioned accordingly as between the vendors. The process employed to transfer the petitioner corporation's interest involved the sale by petitioner's stockholders of their stock to an intermediary, the transfer of the corporation's realty to the intermediary as a liquidating dividend, and the intermediary's conveyance to the purchaser. The respondent gave controlling effect to the $6,000,000 sale (of which the stock transfer was an incident), finding that "the sale of the stock for $1,125,000 in an arms-length transaction established a value of at least $3,000,000 for the taxpayer's one-half interest in the real property". Petitioner contends that respondent gave no effect to a valuation of $5,300,000 at a 100% equalization rate found in a tax certiorari proceeding in the Supreme Court not long after the sale. The record indicates, however, that this valuation was considered by the commission which did not, however, adopt it and, of course, was not obliged to do so. Petitioner asserts, further, that the $6,000,000 purchase price represented more than the true value of the real estate because, in petitioner's theory, that sum included some amount for the purchase of "terms", that is, to induce the acceptance by petitioner's co-owners of the second and third mortgages. Petitioner offered no proof of this assertion and no evidence whatsoever of any amount by which the price paid exceeded the market value obtainable on a cash sale. It is not possible for us, upon this record, to hold either that the method of valuation employed by the administrative agency was arbitrary or unreasonable or that the result at which it arrived was unsupported by substantial evidence. On the contrary, the commission was amply warranted in finding that the transaction was at arm's length and that under the circumstances it constituted the soundest and most persuasive evidence of value. Determination unanimously confirmed, with $50 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.